IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR SUWANNEE COUNTY, FLORIDA
CIVIL DIVISION

DIVINE MOTEL GROUP, LLC
D/B/A ROYAL INN

                                       CASE NO.

                Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY

               Defendant

_____/

## COMPLAINT

Plaintiff, DIVINE MOTEL GROUP, LLC D/B/A ROYAL INN (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, hereby sues the Defendant, ROCKHILL INSURANCE COMPANY (hereinafter referred to as "Defendant"), and as grounds therefore states as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2.     At all times material hereto, Plaintiff owned the property located at 966 Ohio Avenue, Live Oak, FL (hereinafter referred to as the "Insured Property").

3.     At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

4.     In consideration of the premium paid to it by Plaintiff, Defendant issued to Plaintiff an insurance policy, Policy No. RPKGGBS000832 (hereinafter referred to as the "Policy") which was in full force and effect at the same time damage occurred to the Insured

Property located at 966 Ohio Avenue, Live Oak, FL, on or about June 25, 2012. A copy of the Policy is attached hereto as Exhibit "A".

5. The Policy extends coverage if the Insured Property is damaged by a covered cause of loss.

6. Damage caused as a result of windstorm is a covered cause of loss under the Policy.

## BREACH OF CONTRACT

7. Plaintiff re-alleges paragraphs 1 through 6 as if fully set forth herein

8. This is an action for damages for breach of insurance contract against Defendant.

9. On or about June 25, 2012, the Insured Property was damaged by Tropical Storm Debby. Plaintiff suffered a substantial loss regarding its real property and continues to suffer such loss.

10. Plaintiff timely reported the loss and damage to Defendant. From this point in time forward, Defendant had notice of Plaintiff's claim for damages.

11. In response to Plaintiff's claim, Defendant retained HSA Engineers and Scientists (hereinafter referred to as "HSA") to inspect and assess the damage to the Insured Property.

12. On or about August 28, 2012, HSA issued a report of its findings and conclusions from its investigation of the Insured Property. A copy of the report is attached hereto as Exhibit "B".

13. In its report, HSA concluded that the damage observed to the home was "not the result of damage associated with Tropical Storm Debby." See Exhibit "B", page 2.

14. On September 11, 2012, Defendant sent correspondence to Plaintiff denying their claim. A copy of the letter is attached hereto as Exhibit "C".

15.   Given concerns with the inspection and the report prepared by HSA, and the denial of the claim, Plaintiff retained the services of Al Brizuela Engineering, Inc. (hereinafter referred to as "ABE") to conduct an investigation of the Insured Property.  A copy of the report prepared by ABE after its investigation is attached as hereto as Exhibit "D".

16.   ABE confirmed that Tropical Storm Debby damaged the roof of the subject property and weakened the structural integrity of the roof, which caused undue strain to the roofs underlayment thereby allowing moisture began to enter the building following a path of least resistance. See page 18 of Exhibit "D".

17.   A copy of the ABE report was provided to the Defendant on May 22, 2013.

18.   An insured peril has caused damage to the Insured Property. See Exhibit "D".

19.   Defendant knew, or should have known, that Plaintiff had outstanding covered damages that were directly caused by windstorm, and that insurance monies were due and owing to the Plaintiff.

20.   Defendant knew, or should have known, that Plaintiff would have continuing covered damages that were and are directly caused by windstorm wherein Plaintiff would be able to submit such claims for payment under the Policy.

21.   Defendant and its agents, including HSA, have failed and/or refused to properly investigate the loss, have failed and/or refused to admit coverage for the loss, and have failed and/or refused to tender any insurance proceeds due and owing to the Plaintiff under the Policy.

22.   Defendant's conduct is contrary to the provisions of the contract.

23.   Plaintiff has done and performed all those matters and things properly required of it under the insurance policy, or alternatively, it has been excused from performance by the acts of Defendant by its representations and/or conduct.

24.    Defendant has breached its contract with Plaintiff by wrongfully denying the claim.

25.    Plaintiff requested that Defendant admit coverage and pay damages. Defendant has failed and/or refused to do so, and continues to refuse to admit coverage and pay damages despite knowing it is required to do so.

26.    Plaintiff, as a result of damage due to windstorm at the Insured Property, has suffered damage to the Insured Property, including damages to repair the damage as well as loss of use.

27.    As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and full benefit of the real property and continues to suffer such loss.

28.    As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §627.428 provides for the recovery of such attorneys' fees in the event of such need.

WHEREFORE, Plaintiff, DIVINE MOTEL GROUP, LLC D/B/A ROYAL INN, prays this Court determine: (a) that Defendant has breached its insurance contract; (b) to enter an Order directing Defendant to provide coverage and to pay in full, its contractual and compensatory damages under the contract; (c) to award pre-judgment interest on the amounts unpaid; (d) to award the costs of this action; (e) to award attorneys' fees pursuant to Florida Statute §627.428; and (f) to grant such other relief as this Court may deem just and appropriate.

## DEMAND FOR TRIAL BY JURY

Further, Plaintiff requests a trial by jury on all issues so triable..

Dated this __14__ day of __Nov__, 2013.

MACKINNON LAW GROUP, P.A.

Robert F. MacKinnon, Esquire
Florida Bar No. 538841
James S. Constable, Esquire
Florida Bar No. 68522
Allison.S. Freeman, Esquire
Florida Bar No. 69539
MACKINNON LAW GROUP, P.A.
10033 North Dale Mabry Hwy, Suite B
Tampa, Florida 33618
Telephone: (813) 751-0293
Facsimile: (813) 961-7800
Attorneys for Plaintiff

12;288 WD