**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIVINE MOTEL GROUP, LLC,
doing business as Royal Inn,

Plaintiff,

vs. Case No. 3:14-cv-31-J-34JRK

ROCKHILL INSURANCE COMPANY,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Defendant, Rockhill Insurance Company's Verified Motion for Attorneys' Fees and Costs in the Trial Court and for Appellate Fees and Costs (Doc. No. 129; "Motion"), filed August 18, 2016, the proposed Bill of Costs (Doc. No. 130), filed August 19, 2016, and all related filings (Doc. Nos. 110, 123-128, 131, 138). Plaintiff responded in opposition to the Motion on November 16, 2016. See Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs in the Trial Court and for Appellate Fees and Costs (Doc. No. 134; "Response"). Then, with leave of Court, see Order (Doc. No. 135), Defendant on December 5, 2016 filed Rockhill Insurance Company's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees and Costs in

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

the Trial Court and for Appellate Fees and Costs (Doc. No. 136; "Reply"), and Plaintiff on December 8, 2016 filed Plaintiff's Sur-Reply to Defendant's Reply (Doc. No. 137; "Sur-Reply").

## I.  Relevant Background

The case was initiated in this Court on January 7, 2014 with Defendant's filing of a Notice of Removal (Doc. No. 1) from the Circuit Court of the Third Judicial Circuit, in and for Suwannee County, Florida.[2] The asserted basis for the Court's subject matter jurisdiction was diversity of the parties pursuant to 28 U.S.C. § 1332.  See id. The Complaint (Doc. No. 2) had originally been filed in state court on November 14, 2013.  See Compl. (Doc. No. 2) at 5; Case Abstract Filing (Doc. No. 1-8).  In the Complaint, Plaintiff, the owner of a hotel in Live Oak, Florida, brought a breach of contract action against its insurer, Defendant.  See Compl. (Doc. No. 2).  The Complaint alleged that the hotel suffered substantial loss on June 25, 2012 by Tropical Storm Debby, and Defendant denied Plaintiff's claim for the damages, thereby breaching its insurance policy issued to Plaintiff.  Id. at 2-4.[3]

On January 10, 2014, the Honorable Marcia Morales Howard, United States District Judge, entered an Order (Doc. No. 5) observing that Defendant had failed to properly identify the Plaintiff limited liability company's citizenship in the Notice of Removal.  Accordingly, Judge Howard ordered Defendant, by February 7, 2014, to provide the Court with sufficient information for the Court to determine whether it had jurisdiction over this matter.  See id. at 3. Defendant timely responded by filing Defendant's Notice of Compliance with Court's Order

---

[2]    The Notice of Removal (Doc. No. 1) states that the action is "now pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Suwannee County, Florida," but Suwannee County, where the action was pending at the time of removal (Doc. No. 1-8), is actually in the Third Judicial Circuit.

[3]    The hotel was purchased five days before Tropical Storm Debby passed through Live Oak, Florida.  See Motion at 1.

(Doc. No. 8) on January 31, 2014.  The information provided, however, was still insufficient for the Court to make a determination on jurisdiction, so a telephonic status conference was set for February 10, 2014.  See Notice of Telephonic Hearing (Doc. No. 10).

During the telephonic status conference, Judge Howard "reminded the parties that citizenship, not residence, must be alleged to establish diversity for a natural person." Endorsed Order (Doc. No. 13).   Judge Howard directed that a "[n]otice regarding the citizenship of the members of the LLC" be filed by February 28, 2014.  Minute Entry (Doc. No. 11).   Thereafter, on February 25, 2014, the parties' Joint Notice Establishing Court's Jurisdiction (Doc. No. 12) was filed.

The next day, Judge Howard entered an Endorsed Order (Doc. No. 13) stating that, despite being reminded during the hearing that citizenship, not residence, was at issue, "the parties have informed the Court of only the residency of the sole member of . . . Divine Motel Group, LLC." Accordingly, Judge Howard ordered Plaintiff "to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action on or before Monday, March 3, 2014." Id.

On March 7, 2014, the parties filed a Supplemental Joint Notice Establishing Court's Jurisdiction (Doc. No. 17).  Upon review of it, on March 10, 2014, the Court entered a Notice (Doc. No. 19) indicating that "the Court's sua sponte inquiry into its subject matter jurisdiction is satisfied."

Meanwhile, just about a week after Judge Howard first inquired into the basis for the Court's subject matter jurisdiction, Defendant served on Plaintiff— pursuant to Section 768.79, Florida Statutes ("Florida's Offer of Judgment Statute" or "section 768.79") and Rule 68,

Federal Rules of Civil Procedure ("Rule(s)")—Defendant's Proposal for Settlement/Offer of Judgment to Plaintiff (Doc. No. 110-1; "Proposal for Settlement"). The Proposal for Settlement is dated January 17, 2014. In relevant part, the Proposal for Settlement states:

> 2. [Defendant] will pay Eighty Thousand Dollars and Zero Cents ($80,000.00), exclusive of all attorney or paralegal fees and taxable costs, in full and complete settlement of all of [Plaintiff]'s claims in this matter against [Defendant] in exchange for [Plaintiff] executing a Settlement Agreement and General Release, a copy of which is attached as Exhibit "A."
>
> 3. The Proposal for Settlement/Offer of Judgment of Eighty Thousand Dollars and Zero Cents ($80,000.00), exclusive of all attorney or paralegal fees and taxable costs, shall be in full and complete settlement of all claims of [Plaintiff] against [Defendant] arising out of the allegations in [Plaintiff]'s Complaint, including all compensatory, consequential, and extra-contractual damages, except for attorney fees and costs.
>
> 4. The Proposal for Settlement/Offer of Judgment of Eighty Thousand Dollars and Zero Cents ($80,000.00), exclusive of all attorney or paralegal fees and taxable costs, is not attributable to any claim that [Plaintiff] may have for punitive damages because no claim for punitive damages is currently pending.
>
> 5. [Plaintiff] shall have thirty (30) days after service of this Proposal for Settlement/Offer of Judgment in which to accept the Offer by delivery of written notice.

Proposal for Settlement at 1-2 (some emphasis omitted). As indicated in paragraph two of the Proposal for Settlement, a proposed settlement agreement was attached as Exhibit A ("Settlement Agreement"). Relevant to the parties' arguments regarding the instant Motion, the Settlement Agreement contains an erroneous date in referring to the Proposal for Settlement: it says the Proposal for Settlement is dated January 10, 2014, when in fact, it is dated January 17, 2014. Settlement Agreement at 2. It is undisputed that Plaintiff did not accept the Proposal for Settlement.

The case then proceeded with discovery and some motion practice, including the filing of motions for summary judgment by both parties (Doc. Nos. 45, 65). On July 7, 2015, Judge Howard entered an Order (Doc. No. 106) granting Defendant's Motion for Summary Judgment (Doc. No. 45), denying Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum (Doc. No. 65), and directing the Clerk to enter judgment in favor of Defendant and against Plaintiff, which the Clerk did the next day (Doc. No. 107). Also the next day (July 8, 2015), Plaintiff appealed the ruling on summary judgment. See Notice of Appeal (Doc. No. 108).

The Court deferred ruling on any issues related to attorneys' fees until after the appeal was resolved. See Orders (Doc. Nos. 115, 117). On July 19, 2016, the United States Court of Appeals for the Eleventh Circuit issued an Opinion affirming the Court's final ruling (Doc. No. 118). The Mandate issued on August 17, 2016 (Doc. No. 122). Thereafter, pursuant to this Court's directives, see Order (Doc. No. 121), the Motion, proposed bill of costs, and related documents were filed.

In the Motion, Defendant argues it is entitled to fees and costs, and it details the requested fees and costs. Motion at 3-12. Plaintiff initially failed to respond to the Motion altogether. On November 2, 2016, therefore, the undersigned entered an Order (Doc. No. 132) directing Plaintiff "to respond to the Motion and/or file an objection to the proposed Bill of Costs" by November 18, 2016. Plaintiff was warned that if it did "not timely respond to the Motion and object to the Bill of Costs, the Court will consider the Motion and proposed Bill of Costs assuming they are unopposed." Id. Plaintiff then filed the Response, in which it does not challenge any requested costs in the Bill of Costs and does not argue anything related to

the reasonableness of the requested fees. See generally Response. Rather, Plaintiff focuses solely on whether attorneys' fees should be awarded in the first instance pursuant to section 768.79, and makes a number of arguments why they should not be awarded. See generally id.

On November 28, 2016, the undersigned entered another Order (Doc. No. 135) directing a reply and a sur-reply. In the November 28, 2016 Order, the undersigned stated, "Based on Plaintiff's lack of opposition in the Response to Defendant's request for costs, the Court will assume Plaintiff does not oppose an award of costs as requested by Defendant unless Plaintiff advises otherwise and provides authority to support its position." Id. The November 28, 2016 Order also set an evidentiary hearing on the Motion for December 20, 2016. Id.

During the evidentiary hearing, Plaintiff represented that, while it does not oppose Defendant's request for costs, it does intend to lodge an objection to the reasonableness of the fees requested, if the Court determines that an award of fees is appropriate. Plaintiff explained that based upon the above-quoted language in the Court's November 28, 2016 Order, Plaintiff assumed that it did not have to respond to the Motion as it relates to the reasonableness of the fees, unless the Court determined that fees are appropriate. Defendant objected to Plaintiff having any further opportunity to respond regarding the issue of reasonableness of the fees, as Defendant believes Plaintiff has waived any such opportunity.

In light of the circumstances, the undersigned bifurcated consideration of the Motion by entering an Order on December 22, 2016 (Doc. No. 140) keeping the Motion under advisement in part and deferring it in part. Consideration of the issue of reasonableness of

the requested fees was deferred pending a decision on whether fees and costs should be awarded in the first instance. See id. This Report and Recommendation addresses only the question of whether fees and costs should be awarded.[4]

## II. Discussion

Defendant moves the Court for an award of attorneys' fees pursuant to Rules 54 and 68[[5]]; Rule 4.18, Local Rules, Middle District of Florida; 28 U.S.C. § 1920; and Florida's Offer of Judgment Statute (Fla. Stat. § 768.79). See Motion at 1.

Florida's Offer of Judgment Statute states in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability . . . .
>
> (2) The making of an offer of settlement does not preclude the making of a subsequent offer. An offer must:
>
> > (a) Be in writing and state that it is being made pursuant to this section.
> > (b) Name the party making it and the party to whom it is being made.
> > (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> > (d) State its total amount.
>
> The offer shall be construed as including all damages which may be awarded in a final judgment.

---

[4] As explained to the parties at the December 20, 2016 hearing and in the December 22, 2016 Order, if the Court ultimately decides to award fees, then the undersigned intends to set a briefing schedule for the issue of reasonableness of the amount of fees (and Defendant will be permitted to argue, as it did during the hearing, that Plaintiff has waived the opportunity to respond regarding reasonableness). Neither party objects to this procedure.

[5] Although Defendant cites Rule 68 as a basis for moving for attorneys' fees, it does not make any substantive argument that the rule applies.

> (3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
>
> (4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.
>
> . . .
>
> (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

Fla. Stat. § 768.79(1)-(4), (7)(a).

When a federal court sits in diversity and decides a claim arising under state law, the court generally applies state law to substantive issues and federal law to procedural issues. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The Eleventh Circuit has held that Florida's Offer of Judgment Statute is substantive for purposes of the Erie doctrine; therefore, in diversity actions, that statute must be applied to determine whether to award attorneys' fees. See Jones v. United Space All. L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007) (citing McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), modified in part by 311 F.3d 1077 (11th Cir. 2002)); see also Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150 (11th Cir. 2008).[6]

"While [Florida's Offer of Judgment Statute] is substantive as to attorney's fees, it is not substantive as to costs, an area traditionally considered procedural and governed by 28 U.S.C. § 1920." Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-595-T-24TGW, 2010 WL

---

[6] The Eleventh Circuit also held in Menchise that Florida's Offer of Judgment Statute is not preempted by Rule 68 because the two do not conflict. 532 F.3d at 1152-53.

3062420, at *1 (M.D. Fla. Aug. 4, 2010) (unpublished).  "Federal courts can only tax costs outside of [2]8 U.S.C. § 1920 where a statute explicitly authorizes [them] to do so, or a court explicitly declares that the statute creates a substantive right to costs." Id. (quotation omitted) (denying costs for expert witness fees or court reporter costs because they are not explicitly mentioned in the Florida Offer of Judgment Statute)[7]; see also Primo v. State Farm Mut. Auto. Ins. Co., No. 3:13-cv-64-J-32MCR, 2015 WL 5474481, at *4 (M.D. Fla. Aug. 10, 2015) (unpublished Report and Recommendation) (finding that "[b]ecause this case is in federal court based on diversity jurisdiction, the taxation of costs by a federal court is controlled by federal rather than state law") (citations omitted), adopted as modified, 2015 WL 5474349, at *2 (M.D. Fla. Sept. 15, 2015) (unpublished Order) (citation omitted) (stating that "a party may be entitled to costs pursuant to [Florida's Offer of Judgment Statute], but that statute's reference to 'reasonable costs' and the advisory Florida guidelines for taxation of costs are not the kind of 'explicit' statutory authorizations needed for the Court to disregard the general rule that costs recoverable in federal courts are limited to those set forth in 28 U.S.C. § 1920"), aff'd on other grounds, ___ F. App'x ___, 2016 WL 5436821, at *4-5 (11th Cir. Sept.

---

[7]      Defendant cites a different Order entered in Kearney v. Auto-Owners Ins. Co. (on May 14, 2010), for the proposition that "in federal court the prevailing party can receive two types of costs: (1) those costs enumerated under 28 U.S.C. § 1920 and incurred during the entire action; and (2) costs not necessarily enumerated under 28 U.S.C. § 1920 but covered under Section 768.79, Florida Statutes, and incurred during the period after the offer of judgment was made."  Motion at 11 (citing Kearney, 713 F. Supp. 2d 1369, 1380 (M.D. Fla. 2010)).  The proposition that Defendant attributes to the May 14, 2010 Kearney Order is inaccurate.  In fact, in the May 14, 2010 Kearney Order, the Court observed that "although [the defendant sought] costs under § 768.79, it offer[ed] no legal analysis and no case citations for why the Court should treat the 'reasonable costs' provision of Florida Statute § 768.79 as substantive law that federal courts must follow in a diversity case. Normally, costs are considered procedural law, even in diversity cases such as this one." Kearney, 713 F. Supp. 2d at 1380.  The Court, therefore, allowed the defendant "a second opportunity to ask for costs, if it wishe[d] to do so." Id. at 1381.  In so ruling, the Court stated that "[i]f [the defendant] believe[d] it [wa]s entitled to costs under Florida Statute § 768.79 that would not be permitted under federal law, then it need[ed] to make a legal argument to advance its request for individual costs sought and . . . cite to case law for each cost."  Id. The Court then issued a follow-up Order after the defendant renewed its request for costs under section 768.79, determining that those costs were not allowable in federal court. Kearney, 2010 WL 3062420, at *1-2.

29, 2016) (unpublished); Jalosinski v. Dorel Juvenile Group, Inc., No. 2:13-cv-371, 2015 WL 4395406, at *5 (M.D. Fla. July 16, 2015) (unpublished) (citation omitted); Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc., No. 8:06-cv-421-T-33EAJ, 2010 WL 3419816, at *5 (M.D. Fla. July 29, 2010) (unpublished Report and Recommendation), adopted, 2010 WL 3419814 (M.D. Fla. Aug. 27, 2010) (unpublished Order); Wendel v. USAA Cas. Ins. Co., No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451, at *6 (M.D. Fla. July 8, 2009) (unpublished).

With this overall legal framework in mind, the undersigned proceeds to the arguments. Plaintiff's contentions in opposition to Defendant's request for attorneys' fees are addressed, followed by issues related to Defendant's request for costs.

**A. Validity of Proposal for Settlement**

Plaintiff urges that Defendant's Proposal for Settlement is invalid under Florida's Offer of Judgment Statute and its implementing rule, Rule 1.442 of the Florida Rules of Civil Procedure ("Florida Rule(s)"). In support of this contention, Plaintiff makes a number of arguments that are addressed by the undersigned in the order in which Plaintiff makes them. Ultimately, the undersigned finds that the Proposal for Settlement is invalid only based upon a violation of Rule 1.442(b). See Section II.A.4., infra. In the event that this finding is not accepted, however, the undersigned addresses all of the other arguments made by Plaintiff in contending the Proposal for Settlement is invalid.

**1. Inclusion of Pre-Judgment Interest**

Plaintiff first argues that the Proposal for Settlement should be declared invalid because it "is ambiguous whether or not it includes pre-judgment interest." Response at 4

(emphasis and some capitalization omitted).  According to Plaintiff, because it had a "claim for pre-judgment interest" included in its Complaint, and because that "claim" is not specifically mentioned in the Proposal for Settlement or the attached Settlement Agreement, the Proposal for Settlement is not sufficiently particular as to the terms and does "not allow [Plaintiff] to make an informed decision without needing clarification." Id. at 4-6 (citing, e.g., State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) (stating that Florida Rule 1.442 "merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification")).  Further, says Plaintiff, Defendant "has failed to comply with [Florida] Rule 1.442 to identify the claims the [Proposal for Settlement] is attempting to resolve; state with particularity any relevant conditions; and state the total amount of the proposal and state with particularity the non-monetary terms of the proposal."  Response at 6 (citing Florida Rule 1.442(c)(2)).

"The language of [Florida's Offer of Judgment Statute], as well as [Florida Rule] 1.442, must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney's fees, and because they are penal in nature." Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 372 (Fla. 2013) (citations omitted) ("Horowitch II") (answering the certified questions presented by Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254 (11th Cir. 2011) ("Horowitch I")).  In relevant part, Florida Rule 1.442(c)(2) requires that a proposal made pursuant to Florida's Offer of Judgment Statute:

> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) state with particularity any relevant conditions;

> (D) state the total amount of the proposal and state with particularity any nonmonetary terms of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any; [and]
>
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim[.]

Florida Rule 1.442(c)(2)(B)-(F). At least subsection (c)(2)(F) of Florida Rule 1.442 has been held by the Eleventh Circuit to be substantive and applicable in federal court. See Horowitch I, 645 F.3d at 1258. Assuming the other portions of the Florida Rule requiring particularity are applicable in federal court, see McMahan, 311 F.3d at 1082 (assuming that Florida Rule 1.442(c)(2)(D) and (F) apply in federal court)[8]; Cacciamani v. Target Corp., ___ F. App'x ___, 2016 WL 6134833, at *4 (11th Cir. 2016) (assuming that Florida Rule 1.442(c)(2)(C)-(D) apply in federal court), the undersigned finds for the following reasons that the Proposal for Settlement sufficiently complied with them.

The Proposal for Settlement states, among other things, that it "shall be in full and complete settlement of all claims of [Plaintiff] against [Defendant] arising out of the allegations in [Plaintiff]'s Complaint, including all compensatory, consequential, and extra-contractual damages, except for attorney fees and costs." Proposal for Settlement at 2 (emphasis

---

[8] McMahan contains an apparently erroneous statement regarding the exclusion of attorneys' fees from an offer of judgment: that "[w]here an offer explicitly excludes attorney's fees, it is invalid because the total amount of the proposal is not stated." McMahan, 311 F.3d at 1082 (citing State Farm Ins. Co. v. Bass, 605 So. 2d 908, 910 (Fla. 3d DCA 1992)). "The statement in McMahan, however, amounts to nothing more than dictum, as the court actually held that because the offer in question was expressly intended to settle 'all claims made in this action' and, because it did not exclude attorneys' fees, it presumptively covered them." Jablonski v. St. Paul Fire & Marine Ins. Co., No. 2:07-cv-386, 2010 WL 1417063, at *2 (M.D. Fla. Apr. 7, 2010) (unpublished). In Jablonski, the court determined that "[d]espite the Eleventh Circuit's apparently erroneous reference to a holding relying on [an earlier version of the Florida Rule that required an offer to settle all pending claims and state the total amount of the offer], the Eleventh Circuit itself recognized in the same paragraph that current [Florida] Rule 1.442 no longer requires that all claims, including those for attorney's fees, be covered by an offer of judgment." Id. at *2 (citation omitted).

added). The Settlement Agreement contains similar language. See Settlement Agreement at 1 (stating that Plaintiff "does hereby release [Defendant] from any and all claims (whether compensatory, consequential, contractual, or extra-contractual, including any 'bad faith' claims, except for [Plaintiff's] claim for attorneys' fees, paralegals' fees, and costs arising from this lawsuit)"). This language sufficiently encompasses Plaintiff's request for pre-judgment interest, which is necessarily included in "all claims of Plaintiff." Proposal for Settlement at 2. Further, the undersigned rejects the argument that, under these circumstances, without a specific reference to pre-judgment interest, Plaintiff was unable to make an informed decision on the matter. Finally, Plaintiff cites no authority to support the contention that no specific reference to pre-judgment interest in similar circumstances invalidates an offer under Florida's Offer of Judgment Statute and Florida Rule 1.442. For these reasons, the undersigned finds that the Proposal for Settlement is not invalid inasmuch as it does not specifically reference pre-judgment interest.

**2. Erroneous Date in Settlement Agreement**

Plaintiff next contends the Proposal for Settlement is invalid because the attached Settlement Agreement contains the erroneous reference to January 10, 2014 as the date of the Proposal for Settlement, when in fact, the Proposal for Settlement is dated January 17, 2014. Response at 6-7. Characterizing it as an "attempt[] to shorten the time period during which [Plaintiff] could accept the proposal," and an "attempt[] to lengthen the time for which [Defendant] would receive fees and costs," Plaintiff argues "the typographical and factual error in the Settlement Agreement . . . creates an ambiguity that invalidates the Proposal." Id. at 7.

Plaintiff does not cite any authority holding that an erroneous date in a settlement agreement attached to an offer made pursuant to Florida's Offer of Judgment Statute invalidates the offer. See Response; Sur-Reply. There are some courts that have held offers invalid that contain typographical errors in citing the statute pursuant to which the offer is made, see Jefferson v. City of Lake City, 965 So. 2d 174, 175 (Fla. 1st DCA 2007), and factual errors regarding whether claims for attorneys' fees were in fact pending at the time of the offer, see Evanston Ins. Co. v. Premium Assignment Corp., No. 8:11-cv-2630-T-33TGW, 2013 WL 3285274, at *3-4 (M.D. Fla. June 26, 2013) (unpublished). But here, the erroneous reference to the date of the Proposal for Settlement contained in the attached Settlement Agreement is not the type of error requiring invalidation of the Proposal for Settlement itself. This is especially so when the Proposal for Settlement itself is properly dated January 17, 2014. The erroneous date, moreover, appears to be a mere typographical error. It does not appear to be an attempt by Defendant to shorten the response period or lengthen the period for any entitlement to fees under the statute. Accordingly, the Proposal for Settlement is not due to be invalidated on this ground.

**3. Proper Service**

Plaintiff next contends that "it is uncertain whether [Defendant] properly served the Proposal [for Settlement] on [Plaintiff] in accordance with Florida Statute 768.79, Federal Rule of Civil Procedure 68, and Florida Rule . . . 1.442." Response at 8. Plaintiff calls into question whether it was properly served because the certificate of service attached to the Proposal for Settlement that Defendant filed in support of its Motion (Doc. No. 110, Ex. 1) contains a different method of service than does the only version that Plaintiff was able to locate in its

file that was served upon Plaintiff (Response at Ex. A). See Response at 8. Plaintiff admits that it did receive the one attached as Exhibit A to its Response. Id. The Proposals for Settlement are identical—the only difference is the certificates of service. The certificate of service attached to the Proposal for Settlement Defendant filed in support of its Motion states it was served "by Email and U.S. Mail on January 17, 2014," but the one Plaintiff admits it actually received states it was served "by ePortal[[9]] on January 17, 2014."[10]

Defendant's attorney who appeared for the hearing before the undersigned inherited this case after the Proposal for Settlement was served, so she was not able to explain the reason for the two different certificates of service. She was, however, able to produce an email from a legal assistant at Defendant's counsel's law firm to Plaintiffs' attorneys dated January 27, 2014 indicating that a "Proposal for Settlement/Offer of Judgment" was served on that date. Def.'s Ex. 1, December 20, 2016 hearing (Doc. No. 139-1). The email contains an attachment that is the Proposal for Settlement with the certificate of service indicating it was served "by Email and U.S. Mail on January 17, 2014." Id. Furthermore, according to Defendant, the Proposal for Settlement could not have been served by ePortal because the case was in federal court, rather than state court, at the time the Proposal for Settlement was served.

The relevant provision of Florida's Offer of Judgment Statute, subsection (3), states, "The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section." In

---

[9] The parties explained during the hearing that "ePortal" is the state's electronic filing system.

[10] In addition, the certificates appear to have different signatures, although they both appear to be signed by John J. Pappas, Esquire.

addition, Florida Rule 1.442(c)(2)(G) requires the inclusion of "a certificate of service in the form required by rule 1.080." Florida Rule 1.442(c)(2)(G), however, "is procedural for Erie purposes and therefore does not apply in federal court." Horowitch I, 645 F.3d at 1258. To the extent Plaintiff contends that the Proposal for Settlement does not comply with this rule, then, the argument is rejected. In addition, Plaintiff does not contend there is a problem with the applicable service Rule in this Court.

Plaintiff does not dispute that it was served with a copy of the very Proposal for Settlement that is at issue, at least as of January 21, 2014, four days after it was purportedly served on Plaintiff. See Response at 8, Ex. A. This concession, together with the e-mail produced by Defendant's counsel during the hearing, convince the undersigned that there is no genuine issue regarding whether the Proposal for Settlement was actually served on Plaintiff. Indeed, it appears to have been served both by email and by mail, as one of the certificates of service represents. Accordingly, Plaintiff's argument regarding the certificate of service is rejected.

**4. Timing After Action Is Commenced**

Plaintiff next contends that the Proposal for Settlement is invalid because Defendant did not comply with Florida Rule 1.442(b). Response at 8-10. Florida Rule 1.442(b) requires that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced." It is undisputed that this requirement was not met in the instant case. The action was commenced in state court on November 14, 2013; the Proposal for Settlement was served less than 90 days later on January 17, 2014.

Defendant argues that Florida Rule 1.442(b) is inapplicable here because it "is strictly procedural in nature and thus, does not apply to an Offer of Judgment served in federal court." Reply at 7 (citations omitted).  Defendant cites two cases in which courts, without analysis, have so stated.  See Safranek v. Wal-Mart Stores, Inc., No. 07-61533-CIV, 2011 WL 766218, at *2 (S.D. Fla. Feb. 25, 2011) (unpublished) ("not[ing] that the timing provision of Florida Rule of Civil Procedure 1.442 is strictly procedural and therefore is not applicable in this federal court case") (citing Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1357-58 (S.D. Fla. 2010) (finding that another portion of Florida Rule 1.442—the subsection requiring a certificate of service—is procedural and therefore inapplicable in federal court)); Arnoul v. Busch Entm't Corp., No. 8:07-cv-1490-T-24MAP, 2008 WL 5341148, at *3 (M.D. Fla. Dec. 19, 2008) (unpublished) (stating that "it is § 768.79 that binds the Court in substantive matters while [Florida] Rule 1.442 merely governs procedural matters") (citing Timmons v. Combs, 608 So. 2d 1, 3 (Fla. 1992) (repealing a prior version of Florida Rule 1.442)).  Plaintiff, on the other hand, cites one unpublished federal case from the Middle District of Florida, see Response at 9, in which the Court held that an offer of judgment was invalid, in part, because it failed to comply with Florida Rule 1.442(b), see Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 6:05-cv-334-Orl-31GJK, 2009 WL 3418258, at *2 (M.D. Fla. Oct. 20, 2009) (unpublished).  The holding in Auto-Owners Insurance Company necessarily required application of Rule 1.442(b), although the Court did not explicitly address whether the rule should apply.  See id.

To determine whether a specific subsection of Florida Rule 1.442 is procedural or substantive, there are two tests that must be applied.  First, the Court must determine if the

subsection is in conflict with a federal Rule.  See Horowitch I, 645 F.3d at 1257-58.  If it is, the

Court must follow the federal Rule "so long as it is valid under the Constitution and the Rules

Enabling Act."  Id. (citation omitted).  Second, "[i]f no federal statute or Federal Rule is on

point, then [the Court] instead appl[ies] the 'outcome determinative test' set forth in Erie and

its progeny, under which [the Court] appl[ies] the Florida law if its application would be so

important to the outcome that failure to apply it would unfairly discriminate against citizens of

the forum State, or be likely to cause a plaintiff to choose the federal court."  Id. (citations and

some quotations omitted).

Neither party contends that Florida Rule 1.442(b) is in conflict with a federal Rule, and

the undersigned has not found a federal Rule that so conflicts.  See Smith v. R.J. Reynolds

Tobacco Co., No. 3:09-cv-10048-WGY-JBT, 2014 WL 12621252, at *1 (M.D. Fla. June 19,

2014) (unpublished) (observing that Florida Rule 1.442(b) "appears not" to conflict with a

federal Rule, but denying without prejudice a motion for attorney's fees because of inadequate

briefing regarding the application of Florida Rule 1.442(b) in federal Court[11]).  Applying the

outcome determinative test, then, the undersigned finds that application of Florida Rule

1.442(b) is so important to the outcome here that failure to apply it would unfairly discriminate

against Plaintiff, a citizen of the forum state of Florida.  "Under [Florida] Rule 1.442, any

premature offer is an invalid offer."  Regions Bank v. Rhodes, 126 So. 3d 1259, 1261 (Fla. 4th

DCA 2013) (citation omitted); see also Design Home Remodeling Corp. v. Santana, 146 So.

---

[11]       A review of the docket in Smith, No. 3:09-cv-10048-WGY-JBT, reflects that the motion for attorney's fees has not been renewed.

3d 129, 131-32 (Fla. 3d DCA 2014).[12] Consequently, applying Florida Rule 1.442(b) here would invalidate Defendant's Proposal for Settlement, while declining to apply it would not (at least not on that ground). In short, "[t]he outcome determinative test yields the conclusion that it would be unfair not to apply the rule in federal court, and that it is therefore substantive for Erie purposes." Horowitch I, 645 F.3d at 1258. Defendant's Proposal for Settlement is invalid for violating Florida Rule 1.442(b).

**5. Good Faith[13]**

Plaintiff lastly contends that the Proposal for Settlement was not made in good faith because it was made at such an early stage of the litigation—just more than two months after the original Complaint was filed; ten days after the Notice of Removal; before the parties exchanged initial disclosures or conducted any formal discovery; and before the Court "accepted jurisdiction over this matter." Response at 11. Defendant responds that the $80,000.00 offer to settle the matter was made in good faith because an extensive pre-suit investigation, that included multiple inspections and a "Cause and Origin Damage Report," revealed no liability under the policy. Reply at 9.

---

[12] Two earlier decisions of the Florida Third District Court of Appeal reached the opposite conclusion: that a premature settlement offer is a mere technical violation and is not fatal to the validity of a proposal under the Florida Offer of Judgment Statute. See Kuvin v. Keller Ladders, Inc., 797 So. 2d 611 (Fla. 3d DCA 2001); Shoppes of Liberty City, LLC v. Sotolongo, 932 So. 2d 468 (Fla. 3d DCA 2006). "Regardless of the logic underlying the decisions in Kuvin and Shoppes, the [Florida] Supreme Court's decision in Campbell[, 959 So. 2d at 225,] plainly and unambiguously rejects the notion that a failure to comply with the requirements of rule 1.442 and section 768.79 can be considered a 'mere technical violation' thus preserving the validity of a proposal for settlement." Design Home Remodeling Corp., 146 So. 3d at 132. "To this extent, the [Florida] Supreme Court's pronouncement in Campbell has sub silentio overruled [the Florida Third District Court of Appeal's] holdings in both Kuvin and Shoppes." Id. (citation omitted).

[13] The undersigned addresses whether the Proposal for Settlement was made in good faith in the event the District Judge disagrees with the conclusion regarding the applicability of Florida Rule 1.442(b).

If the requirements of Florida's Offer of Judgment Statute are otherwise satisfied, "[t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that the offer was not made in good faith." McMahan, 311 F.3d at 1083 (citation, quotation, an internal alteration omitted); see Fla. Stat. § 768.79(7)(a) (stating that "[i]f a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith" and that "[i]n such case, the court may disallow an award of costs and attorney's fees").  The offeree bears the burden of proof regarding whether an offeror acted in good faith.  Sharaby v. KLV Gems Co., Inc., 45 So. 3d 560, 563 (Fla. 4th DCA 2010) (citation omitted).

> The question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted.  However, in making this determination, the trial court is not restricted to the testimony of the offeror attesting to good faith; rather, the court may properly consider objective evidence of facts and circumstances that suggest whether the offeror made the offer with subjective good faith.

Pickett v. R.J. Reynolds Tobacco Co., 948 F. Supp. 2d 1314, 1317 (M.D. Fla. 2013) (internal citations omitted), aff'd, 564 F. App'x 981 (11th Cir. 2014) (per curiam).  Because "the good faith inquiry is case-specific, courts are unwilling to set a threshold amount that dictates whether an offer was or was not made in good faith."  Id. at 1326.

In this case, if the District Judge deems inapplicable the 90-day rule set forth in Florida Rule 1.442(b), the undersigned recommends finding that the offer was made in good faith.  Although the very early timing of the Proposal for Settlement and the lack of formal discovery would ordinarily weigh against Defendant, the extensive pre-suit investigation that Defendant

conducted in denying the insurance claim weighs in Defendant's favor.  As set forth in the

Reply:

> As of January 17, 2014, [Defendant] had the following foundation for its [Proposal for Settlement]: conversations with Mr. Jiterdra Desai and Mr. Ajay Patel; photographs of the purported damage at the Royal Inn; inspection of the Royal Inn and investigation of the loss by Mr. Brian O'Connor of Engle Martin & Associates (inspected 7/6/12); inspection of Royal Inn and cause and origin analysis by Mr. Michael W. Linehan, P.E., Senior Structural Engineer of HSA Engineers & Scientist (inspection 7/12/12); and inspection of the business personal property by Mr. Don Wilemon of Harris & Wilemon Company (inspected 7/11/12).  Additionally, [Defendant] had received and reviewed Mr. Linehan's August 28, 2012 Cause and Origin Damage Report ("HSA Report") which conclusively found that the observed moisture related damage at the Royal Inn was "not caused by breaches through the building envelopes, as a result of elevated wind forces associated with Tropical Storm Debby."

Reply at 9 (quoting Compl. at Ex. B (Doc. No. 2-2)).  Given that Defendant's "pre-suit

investigation revealed that [Defendant] had no liability for the claim under the Policy," id., this

factor weighs heavily in Defendant's favor.[14]

The amount of the offer, $80,000.00 exclusive of attorneys' fees, paralegal fees, and

taxable costs, also weighs in Defendant's favor.  The hotel at issue was purchased for

$105,000.00, five days before the tropical storm that was the supposed cause of the damage.

See Order (Doc. No. 106) at 3, 6 (citation omitted).  The Notice of Removal (Doc. No. 1) sets

forth repair estimates ranging from $399,872.43 to $401,193.49.  In any event, however, given

the reasonable foundation upon which the offer was made, i.e., the pre-suit investigation

showing no liability (which was ultimately confirmed by this Court and the Eleventh Circuit),

---

[14]      Regarding Defendant's pre-suit investigation, the undersigned notes that at least as of the time the Complaint was filed in state court, Plaintiff had provided its own report to Defendant—that of Al Brizuela Engineering ("ABE")—that evidently contradicted at least some of the findings of the HSA report.  See Compl. at 3, Ex. D.  The ABE report was not relied upon by Plaintiff in summary judgment practice.  See Order (Doc. No. 106) at 11-12.  Nor does Plaintiff rely upon the report now in arguing that Defendant did not make the offer in good faith.

the amount in controversy, and the lack of litigation that had taken place at the time the offer was made, the offered amount is a positive factor.[15] See Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So. 3d 348, 354 (Fla. 4th DCA 2011) (finding that the "proposals bore a reasonable relationship to the amount of damages and a realistic assessment of liability").

Nor does the fact that the Court was still inquiring into the basis for its jurisdiction when the offer was served lead to the conclusion that the offer was not made in good faith. The Court has a duty to inquire into the basis for its subject matter jurisdiction, and it may do so at any time. See, e.g., Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Simply put, the sua sponte jurisdictional inquiry by this Court should not serve as the basis for finding an offer was not made in good faith under Florida's Offer of Judgment Statute.

In sum, Plaintiff has not met its burden of showing that the offer was not made in good faith. See Sharaby, 45 So. 3d at 563 (citation omitted).

**6. Conclusion Regarding Validity of Proposal for Settlement**

Because the Proposal for Settlement does not comply with Florida Rule 1.442(b), it is invalid. Thus, the Court should not award attorneys' fees to Defendant pursuant to Florida's Offer of Judgment Statute.

**B. Costs**

Defendant seeks $24,858.69 in costs pursuant to Rule 54(d) and 28 U.S.C. § 1920. Motion at 9; Reply at 3 n.2. Defendant also seeks an additional $6,934.25 in costs that are

---

[15] This case is distinguishable from Bartley v. Kims Enterprise of Orlando, Inc., the case cited by Plaintiff as factual support for an alleged lack of good faith. See Response at 11 (citing Bartley, No. 6:10-cv-1180-Orl-36, 2013 WL 3321901, at *2 (M.D. Fla. July 1, 2013)). In Bartley, the defendant offered a nominal amount of $100 "prior to any meaningful discovery" and without "any real assessment of liability of damages." Bartley, 2013 WL 3321901, at *2 (citations omitted). Here, however, the offered amount was not nominal, and it was based on a real assessment of liability.

not allowable under section 1920 but are arguably allowable under Florida's Offer of Judgment Statute. Motion at 12.

For two reasons, the $6,934.25 in costs that are not allowable under section 1920 should be denied. First, as explained above in the Introduction to Section II, only costs allowable under section 1920 are able to be awarded in this diversity case. Second, given the undersigned's conclusion that the Proposal for Settlement is invalid under Florida's Offer of Judgment Statute, Defendant would not be entitled to these additional costs even if one could receive costs under that statute in federal court.

As for Defendant's remaining request for costs, Plaintiff confirmed during the hearing that it does not object to this request. In light of Plaintiff's lack of opposition, the undersigned recommends awarding Defendant $24,858.69 in costs.

## III. Conclusion

For the foregoing reasons, it is

**RECOMMENDED**:

1. That Defendant, Rockhill Insurance Company's Verified Motion for Attorneys' Fees and Costs in the Trial Court and for Appellate Fees and Costs (Doc. No. 129) be **GRANTED in part and DENIED in part**.

2. That the Motion be **GRANTED** to the extent that the Court direct the Clerk to enter judgment against Plaintiff and in favor of Defendant for costs in the amount of $24,858.69.

3. That the Motion otherwise be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 2, 2017.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record