**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIVINE MOTEL GROUP, LLC
d/b/a ROYAL INN,

      Plaintiff,

vs.                                Case No. 3:14-cv-31-J-34JRK

ROCKHILL INSURANCE COMPANY,

      Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 141; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on February 2, 2017. In the Report, Judge Klindt recommends that the Court grant, in part, and deny, in part, Defendant Rockhill Insurance Company's (Rockhill) Verified Motion for Attorneys' Fees and Costs in the Trial Court and for Appellate Fees and Costs (Doc. No. 129; Motion), which Rockhill filed on August 18, 2016. See Report at 23-24. Rockhill filed its Notice of Objection to the Magistrate's February 2, 2017 Report and Recommendation (Doc. No. 142; Objections) on February 16, 2017, and Plaintiff Divine Motel Group, LLC d/b/a Royal Inn (Divine) responded in opposition on February 28, 2017, see Plaintiff's Response in Opposition to Defendant's Objection to the Magistrate's February 2, 2017 Report and Recommendation (Doc. No. 145). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo

1

review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-MC-8-FTM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon review of the record, the Court determines that Judge Klindt correctly found that Rockhill is not entitled to an award of attorneys' fees pursuant to section 768.79, Florida Statutes (Florida's Offer of Judgment Statute). See Report at 22. Additionally, Judge Klindt correctly concluded that Rockhill is entitled to taxable costs in the amount of $24,858.90 pursuant to Federal Rule of Civil Procedure (Rule(s)) 54(d) and 28 U.S.C. § 1920. As such, the Court writes only to address Rockhill's contention that "Florida Rule of Civil Procedure 1.442(b) is procedural in nature and thus, cannot be applied in Federal Court [sic] as substantive law."[1]  Objections at 3. In doing so, the Court will not restate, but instead incorporates, the "Relevant Background" set forth by Judge Klindt in the Report. See Report at 2-7.

Florida Rule 1.442(b) provides in part that "a proposal [for settlement] to a plaintiff shall be served no earlier than 90 days after the action has been commenced." Report at 16 (citing Fla. R. Civ. P. 1.442(b)). Here, the action was commenced in state court on November 14, 2013, and Rockhill served its offer of judgment on January 17, 2014 – less than 90 days later. See id. As such, if Florida Rule 1.442(b) applies, then Rockhill's offer was premature and is

---

[1] Pursuant to the United States Supreme Court's decision in Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction must apply state substantive law to resolve claims under state law, unless a federal Constitutional provision or statute expressly preempts the state law. Conversely, when the legal question presented is based on a procedural issue, federal courts must generally apply federal law. See id.  In certain cases, however, it is not immediately clear whether a given state law is substantive or procedural pursuant to the Erie doctrine. Under these circumstances, federal courts may apply the 'outcome determinative' test with reference to the 'twin aims of Erie' to determine how the law is classified. See, e.g., Lundgren v. McDaniel, 814 F.2d 600, 606 (11th Cir. 1987).

2

therefore invalid. See id. at 18 (citing Regions Bank v. Rhodes, 126 So. 3d 1259, 1261 (Fla. Dist. Ct. App. 2013)). Conversely, if Florida Rule 1.442(b) does not apply in this proceeding, then the offer may be valid and – because it was rejected by Divine – Rockhill as the prevailing party would be entitled to recover its reasonable costs and attorneys' fees incurred from the date it filed the offer with the Court until the final judgment was rendered. See Fla. Stat. § 768.79.

The United States Court of Appeals for the Eleventh Circuit previously determined that Florida's Offer of Judgment Statute applies in diversity cases where the substantive law of Florida applies. See, e.g., Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1150 (11th Cir. 2008). However, the court has yet to reach the same general conclusion with respect to all of the provisions of Rule 1.442 of the Florida Rules of Civil Procedure. See, e.g., Horowitch v. Diamond Aircraft Indus., 645 F.3d 1254, 1257-59 (11th Cir. 2011) (concluding that Florida Rule 1.442(c)(2)(F) – requiring a proposal for settlement to indicate whether the proposal includes attorneys' fees – is substantive and therefore applicable in federal court, while Florida Rule 1.442(c)(2)(G) – requiring the proposal's certificate of service to comply with a specific format – is procedural and therefore inapplicable); see also Primo v. State Farm Mut. Auto. Ins. Co., 661 Fed. Appx. 661, n.1 (11th Cir. 2016) (observing, without deciding the issue, that Florida Rule 1.442(c)(2)(B) – requiring a proposal for settlement to identify the claims it is attempting to resolve – is "likely substantive"). Put differently, while the Eleventh Circuit has previously conducted an analysis of certain subsections of Florida Rule 1.442 pursuant to the Erie doctrine, it has yet to do so for all subsections of the rule.

Indeed, the only Eleventh Circuit opinion specifically applying Florida Rule 1.442(b) is that of Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 632 F.3d 1195 (11th Cir.

3

2011). However, while the Auto-Owners court applied Florida Rule 1.442(b), the court did not consider whether this subsection was substantive in accordance with the Erie doctrine.[2] See id. at 1198-1200. A number of Florida's federal courts have relied largely upon other Eleventh Circuit decisions as precedent in concluding that Florida Rule 1.442, as a whole, is substantive. See Five for Entm't, S.A. v. Ayala Rodriguez, No. 11-24142-CV-SEITZ/Turnoff, 2017 WL 511085, at *2 (S.D. Fla. Feb. 2, 2017) (citing Menchise, 532 F.3d at 1150); Hernandez v. Target Corp., No. 14-21062-CIV-WILLIAMS/SIMONTON, 2016 WL 4006656, at *2 (S.D. Fla. March 30, 2016) (citing Horowitch, 645 F.3d at 1258); Guerra v. Southeastern Freight Lines, No. 13-22070-CIV, 2014 WL 6751589, at *1 (S.D. Fla. Aug. 8, 2014) (citing Menchise, 532 F.3d at 1150); Evanston v. Premium Assignment Corp., No. 8:11-CV-2630-T-33TGW, 2013 WL 3285274, at *2 (M.D. Fla. June 26, 2013) (citing Horowitch, 645 F.3d at 1258). Notably, these Eleventh Circuit decisions do not specifically address subsection (b) of Florida Rule 1.442, much less why it is appropriate to classify Florida Rule 1.442 as substantive in its entirety. See Horowitch, 645 F.3d at 1257-59 (concluding that Florida Rule 1.442(c)(2)(F) is substantive, while Florida Rule 1.442(c)(2)(G) is procedural); Menchise, 532 F.3d at 1152-53 (holding that Rule 68 does not preempt Florida Statutes section 768.79).

Recognizing the lack of binding precedent, in an effort to determine whether Florida Rule 1.442(b) is procedural or substantive for Erie purposes, Judge Klindt first concluded that this particular subsection does not conflict with any federal Rule, and therefore that the subsection is not preempted by federal law. See Report at 18 (citing Smith v. R.J. Reynolds Tobacco Co., No. 3:09-CV-10048-WGY-JBT, 2014 WL 12621252, at *1 (M.D. Fla. June 19,

---

[2] Judge Klindt reached this same conclusion regarding the opinion of the District Court in that case. See Report at 17 (citing Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., No. 6:05-CV-334-ORL-31GJK, 2009 WL 3418258, at *2 (M.D. Fla. Oct. 20, 2009)).

4

2014)).[3]  Rockhill does not challenge this finding.  See generally Objections.  Next, Judge Klindt applied the 'outcome determinative' test[4] propounded by the Supreme Court in Erie and its progeny to reach the conclusion that "it would be unfair not to apply [Florida Rule 1.442(b)] in federal court, and that [this subsection] is therefore substantive for Erie purposes."  See Report at 18-19.

In its Objections, Rockhill now argues that Judge Klindt deviated from the proper parameters when applying the outcome determinative test to Florida Rule 1.442(b).  See Objections at 8.  Specifically, Rockhill avers that the Report failed to: (1) account for "potential competing factors, including the background of the state law;" (2) apply the test with reference to the "two aims of Erie" – namely, discouragement of forum shopping and avoidance of the inequitable administration of the laws; (3) ensure that any potential change in outcome would be substantial and not trivial; and (4) apply the test from the vantage point of the commencement of the litigation.  Id.

In support of it first contention, Rockhill cites to two recent state-court decisions suggesting that Florida Rule 1.442 is solely procedural in nature.  See Objections at 3 (citing Kuhajda v. Borden Dairy Co. of Ala, LLC., 202 So. 3d 391, 393-95 (Fla. 2016); Floyd v. Smith, 160 So. 3d 567, n.1 (Fla. Dist. Ct. App. 2015)).  However, as the Supreme Court instructed in

---

[3] In Olivia v. NBTY, Inc., No. 11-80850-CIV-DIMITROULEAS/SNOW, 2013 WL 12092119, at *5 (S.D. Fla. May 22, 2013), the court concluded – without citation to authority – that Florida Rule 1.442(b) is preempted by Rule 68 inasmuch as Rule 68 does not require a waiting period before serving an offer of judgment. However, as the Supreme Court established, when the plain meaning of a federal rule does not "come into direct collision" with state law, both can operate. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 421 (2010) (Stevens, J., concurring) (internal quotations omitted) (citing Walker v. Armco Steel Corp., 446 U.S. 740, 749-50, n.9 (1980)). Finding no direct conflict between Florida Rule 1.442(b) and Rule 68, the Court is not persuaded that the state rule is federally preempted.

[4] Under the 'outcome determinative' test, state law is considered substantive and therefore applicable in federal court if its application would be "so important to the outcome that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose the federal court." See, e.g., Horowitch, 645 F.3d at 1258 (citations and internal quotations omitted).

5

Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945), "it is [] immaterial whether [laws] are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue" of making a determination regarding the law's applicability pursuant to the Erie doctrine.  Hence, because the state courts in Kuhajda and Floyd were not analyzing Florida Rule 1.442 under the Erie doctrine, the Court does not find their reasoning persuasive.[5]

The Court is similarly unpersuaded by the reasoning of Florida's only federal court that has thus far determined that Florida Rule 1.442(b) is procedural in nature.  In Safranek v. Wal-Mart Stores, Inc., No. 07-61533-CIV, 2011 WL 766218, at *2 (S.D. Fla. Feb. 25, 2011), the court concluded that "the timing provision of Florida Rule [] 1.442 is strictly procedural and therefore [] not applicable in this federal court case."  In doing so, the court relied upon Tiara Condo. Ass'n v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1357-58 (S.D. Fla. 2010).  However, in Tiara, the court did not even discuss Florida Rule 1.442(b) and instead concluded that another, unrelated subsection of the rule was procedural because its application was not outcome determinative.  See id. at 1357-58.  In doing so, the Tiara court also noted that the offer of judgment in question complied with "the substantive portions of Rule 1.442."  Id. at 1358, n. 6.  That said, it is unclear why Safranek cited to Tiara for the proposition that Florida Rule 1.442(b) is "strictly procedural."  Thus, the Court determines that there is no authority – state or federal – that is controlling or sufficiently persuasive with respect to this narrow issue.

---

[5]     For this same reason, the Court is not persuaded by the reasoning of any federal court which has relied solely on state-court decisions in classifying Florida Rule 1.442(b) pursuant to the Erie doctrine. See, e.g., Arnoul v. Busch Entm't Corp., No. 8:07-CV-140-T-24MAP, 2008 WL 5341148, at *3 (citing Timmons v. Combs, 608 So. 2d 1, 3 (Fla. 1992) for the proposition that "§ 768.79 [] binds the Court in substantive matters while [the now-repealed version of] Rule 1.442 merely governs procedural matters.").

The Court now turns to Rockhill's remaining arguments regarding the application of the 'outcome determinative' test. As a starting point, Rockhill is correct that this test is properly applied from the point of view of the commencement of litigation, and that "it cannot be read without reference to the twin aims of the Erie [doctrine]: discouragement of forum shopping and avoidance of inequitable administration of the laws." Hanna v. Plumer, 380 U.S. 460, 468, 469 (1965). As Hanna further instructs, substantial variations between state and federal law are more likely to bear upon these twin aims as compared to those which are insubstantial or trivial. Id. at 467-68. With this in mind, the Court agrees that the failure to apply Florida Rule 1.442(b) in federal proceedings would result in the inequitable administration of the laws inasmuch as Florida's Offer of Judgment Statute provides prevailing parties with costs and fees "incurred from the date the [rejected] offer was served." See Fla. Stat. § 768.79(6)(a). In other words, failure to apply Florida Rule 1.442(b) in federal court would allow for the submission of settlement proposals earlier than in state court – potentially at a time when the receiving party does not have adequate information to determine whether to accept the offer – with the understanding that such a practice could potentially increase both the likelihood that an offer may be rejected and the period of time for which the offering party would be entitled to fees.[6] For this same reason, the Court finds that failure to apply the rule would encourage forum shopping inasmuch as parties would be more likely to choose federal court in order to avail themselves of this earlier timeframe, during which the possibility of fee-shifting would be foreclosed in state court.

---

[6] Because of the impact an offer of judgment may have on the party receiving it, Rockhill is incorrect to assert that such an offer made pursuant to Florida's Offer of Judgment Statute comes "into play" only after judgment has been rendered, see Objections at 9. Any offer, whether rejected or not, theoretically begins impacting the litigation from the time it is made.

7

Thus, the Court concurs with Judge Klindt's assessments that the application of Florida Rule 1.442(b) is outcome determinative, that the rule is substantive pursuant to the <u>Erie</u> doctrine, and that the rule is therefore applicable in this federal proceeding.  Indeed, Florida Rule 1.442(b) directly impacts the Court's ability to apply the substantive law of Florida's Offer of Judgment Statute.  In this way, it is not so much a "manner and means" to a right to recovery, <u>see</u> Objections at 9, but rather an absolute threshold to recovery itself.  Accordingly, and for the reasons stated herein and in Judge Klindt's Report, the Court will overrule the Defendant's Objections and accept and adopt the legal and factual conclusions recommended by Judge Klindt as supplemented in this Order.  Although the result may seem harsh given that Rockhill seeks reimbursement of nearly $240,000 in attorneys' fees, it is what is required under the law as it applies to the parties in this action.  In light of the foregoing, it is hereby

**ORDERED**:

1. Defendant's Notice of Objection to the Magistrate's February 2, 2017 Report and Recommendation (Doc. No. 142) is **OVERRULED**.

2. The Report and Recommendation (Doc. No. 141) is **ADOPTED** as the opinion of the Court as supplemented in this Order.

3. Defendant's Verified Motion for Attorneys' Fees and Costs in the Trial Court and for Appellate Fees and Costs (Doc. No. 129) is **GRANTED, in part, and DENIED, in part,** as follows:

    a. Defendant's Motion is **GRANTED** to the extent that the Clerk of the Court is directed to enter judgment against Plaintiff and in favor of Defendant for taxable costs in the amount of $24,858.69.

    b.  Otherwise, Defendant's Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on March 29, 2017.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record